**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD D. SCHLEIS, | No. 15-16039 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02045-JJT |
| v. | |
| NANCY BERRYHILL, Acting Commissoner Social Security | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John J. Tuchi, District Judge, Presiding

Argued and Submitted June 14, 2017
San Francisco, California

Before:  SCHROEDER and N.R. SMITH, Circuit Judges, and PIERSOL,** District
Judge.

Ronald Schleis ("Schleis") appeals the district court's decision remanding

for further proceedings in Schleis' action for disability insurance benefits under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Lawrence L. Piersol, United States District Judge for
the District of South Dakota, sitting by designation.

Title II of the Social Security Act. Schleis argues that the district court erred when it declined to remand for an award of benefits because there are no outstanding issues to be resolved and thus the credit-as-true rule is satisfied. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Reviewing the district court's decision to remand for further proceedings for abuse of discretion, *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014), we affirm.

As articulated in *Garrison*, the credit-as-true rule can be applied when three conditions are met:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020. Here, the first condition of the credit-as-true rule is not satisfied because the record has not been fully developed concerning the extent of Schleis' woodworking and artistic metal work hobbies, and the reasons Schleis' doctors did not suggest surgery. Therefore, the district court did not abuse its discretion in remanding for further proceedings. Remand to the ALJ will be on an open record. *Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015) (finding that "significant factual conflict in the record [exist] that should be resolved

2

through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance").

Schleis also challenges the ALJ's decision to assign "little weight" to the opinions of treating physician Dr. Matthew Duke, D.O. We review the ALJ's decision de novo and analyze whether the ALJ's decision was free of legal error and supported by substantial evidence. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Here, the ALJ concluded that Dr. Duke's opinion in a September 2011 medical assessment was not confirmed by his treating records. In viewing the record as a whole, we conclude that the ALJ assigned "little weight" to the opinions of Dr. Duke for specific reasons supported by substantial evidence. The district court's affirmance of that portion of the ALJ's decision is therefore affirmed.

**AFFIRMED**.